United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                                          Case No. 25-11648-djb

Patricia M. Distel                                                                    Chapter 13

            Debtor

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Feb 20, 2026 | Form ID: pdf900 | Total Noticed: 4 |

The following symbols are used throughout this certificate:

**Symbol        Definition**

+               Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 22, 2026:**

**Recip ID          Recipient Name and Address**
db               + Patricia M. Distel, 337 East 9th Street, Conshohocken, PA 19428-1507

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg | Email/Text: megan.harper@phila.gov | Feb 21 2026 00:31:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | Email/Text: RVSVCBICNOTICE1@state.pa.us | Feb 21 2026 00:31:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| cr | + Email/Text: kebeck@bernsteinlaw.com | Feb 21 2026 00:31:00 | Toyota Motor Credit Corporation, c/o Keri P. Ebeck, 601 Grant Street, 9th Floor, Pittsburgh, PA 15219-4430 |

TOTAL: 3

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

**Recip ID     Bypass Reason   Name and Address**
cr                               PNC BANK, N.A.

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 22, 2026                        Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 20, 2026 at the address(es) listed**

District/off: 0313-2                          User: admin                                    Page 2 of 2
Date Rcvd: Feb 20, 2026                       Form ID: pdf900                                 Total Noticed: 4

**below:**

| Name | Email Address |
| --- | --- |
| DANIEL P. MUDRICK | on behalf of Debtor Patricia M. Distel dpmudrick@verizon.net g30229@notify.cincompass.com;mudrick.danielb128559@notify.bestcase.com |
| DENISE ELIZABETH CARLON | on behalf of Creditor COLONIAL SAVINGS F.A. bkgroup@kmllawgroup.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com  philaecf@gmail.com |
| KERI P EBECK | on behalf of Creditor Toyota Motor Credit Corporation kebeck@metzlewis.com btemple@bernsteinlaw.com;kebeck@ecf.courtdrive.com;agilbert@bernsteinlaw.com |
| MATTHEW K. FISSEL | on behalf of Creditor COLONIAL SAVINGS F.A. bkgroup@kmllawgroup.com  matthew.fissel@brockandscott.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Patricia M. Distel | | CHAPTER 13 |
| | Debtor | |
| COLONIAL SAVINGS F.A. | | |
| | Moving Party | |
| vs. | | NO. 25-11648 DJB |
| Patricia M. Distel | | |
| | Debtor | |
| Kenneth E. West | | 11 U.S.C. Section 362 |
| | Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      As of January 28, 2026, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$12,905.29**. Post-petition funds received after January 28, 2026, will be applied per the terms of this stipulation as outlined herein. The arrearage is itemized as follows:

Post-Petition Payments:          May 2025 through January 2026 at $1,261.81 each
Fees & Costs Relating to Motion: $1,549.00
**Total Post-Petition Arrears:     $12,905.29**

2.      The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$12,905.29**.

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$12,905.29** along with the pre-petition arrears.

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.      Beginning with the payment due **February 2026** and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of **$1,261.81** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.      Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.      In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court may enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(4).

6.      If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court may enter an order granting Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.

Date:    January 29, 2026                    /s/ Matthew Fissel
                                             Matthew Fissel, Esq.
                                             Attorney for Movant


Date:  February 9, 2026                      /s/ Daniel P. Mudrick
                                             Daniel P. Mudrick, Esq.
                                             Attorney for Debtor

                                             No Objection - Without Prejudice to Any
                                             Rightsor Remedies
Date:  February 17, 2026                     /s/ LeeAne O. Huggins
                                             Kenneth E. West
                                             Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2026.  However, the Court retains discretion regarding entry of any further order.

**Date: February 20, 2026**                  _____
                                             Bankruptcy Judge
                                             Derek J. Baker